IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCTORS ASSOCIATES, INC., a Florida )
corporation, SUBWAY SANDWICH )
SHOPS, INC., a Connecticut corporation, )
FREDRICK A DeLUCA, an individual, and )
PETER H. BUCK, an individual, )
)
        Plaintiffs, )
)
vs. )
)
DAVID M. DUREE & ASSOCIATES, P.C., )
an Illinois professional corporation, DAVID )
M. DUREE, an Illinois attorney, REINERT )
& ROURKE, P.C., a Missouri professional )
corporation, NICHOLAS C. JANNOTTA, an )
Illinois domiciliary, and CARMEIN DAY )
BLASUCCI, an Illinois domiciliary, )
)
        Defendants. )

**00C 5779**

No.

**JUDGE RONALD GUZMAN**

**MAGISTRATE JUDGE DENLOW**

**DOCKETED**

SEP 2 2 2000

## COMPLAINT FOR STATUTORY INTERPLEADER
## AND RELATED RELIEF

Plaintiffs Doctors Associates, Inc., Subway Sandwich Shops, Inc., Fredrick A.

DeLuca, and Peter H. Buck, by their attorneys, Jenner & Block, file this Complaint for Statutory

Interpleader and Related Relief, and state as follows:

### INTRODUCTION

1.    This interpleader action is being filed because two different law firms,

David M. Duree & Associates, P.C., and Reinert & Rourke, P.C., have each served competing

notices of attorneys' liens on Plaintiffs claiming that they each are entitled to forty percent of the

judgment in law of Nicholas Jannotta and Carmein Day Blasucci more fully described below.

Thus, Plaintiffs are unable to determine to whom they are obligated for the judgment, and

therefore, have deposited the funds in the amount of the judgment plus interest with the registry

of the Court. Additionally, judgment-debtor Doctor's Associates holds an unpaid judgment against attorney David M. Duree in the amount of $408,445.25 plus interest as a result of sanction judgment by a Kansas court against Duree for having been found to have knowingly directed false evidence to be created to support a counterclaim he filed on behalf of his clients. In this action, Doctor's Associates seeks a set-off from any amount it is required to pay either David M. Duree & Associates, P.C. or Reinert & Rourke, P.C., or both, by virtue of this interpleader action, because both of these law firms are jointly and severally liable for the sanctions judgment against Duree.

## PARTIES

2.      Plaintiff, Doctor's Associates, Inc. ("DAI"), is a corporation organized and existing under and by virtue of the laws of the State of Florida, and maintains its principal office and place of business within the State of Florida.

3.      Plaintiff, Subway Sandwich Shops, Inc. ("Subway"), is a corporation organized and existing under and by virtue of the laws of the State of Connecticut, and maintains its principal office and place of business within the State of Connecticut.

4.      Plaintiff, Fredrick A. DeLuca ("DeLuca"), is an individual residing in the State of Florida.

5.       Plaintiff, Peter H. Buck ("Buck"), is an individual residing within the State of Connecticut.

6.      The individuals and entities referred to in Paragraphs 1 through 4 above are sometimes collectively referred to herein as "Plaintiffs."

7.      Defendant, David M. Duree & Associates, P.C., ("Duree & Associates"), holds itself out as a professional corporation organized and existing under and by virtue of the

laws of the State of Illinois, and maintains its principal office and place of business within the State of Illinois.

8.      Defendant, David M. Duree ("Duree"), is an attorney and counselor at law, licensed to practice law in the States of Illinois and Missouri, and resides in the State of Illinois.

9.      Defendant, Reinert & Rourke, P.C. ("Reinert & Rourke"), upon information and belief, is a professional corporation organized and existing under and by virtue of the laws of the State of Missouri, and maintains its principal office and place of business within the State of Missouri.

10.     Defendant, Nicholas C. Jannotta ("Jannotta"), is an individual residing in the State of Illinois.

11.     Defendant, Carmein Day Blasucci ("Blasucci"), is an individual residing in the State of Illinois.

12.     Defendants Jannotta and Blasucci are the Co-Executors and the Co-Personal Representatives of the Estate of Victoria A. Jannotta, Deceased.

13.     The individuals and entities referred to in Paragraphs 6 through 11 above are sometimes collectively referred to herein as "Defendants."

## JURISDICTION AND VENUE

14.     This Court has jurisdiction over the subject-matter of Count I under the statutory interpleader provisions of the Judicial Code, 28 U.S.C. § 1335, in that: (1) Plaintiffs hold monies in the amount of $168.649.40 ("the Contested Monies"); (2) Defendants Jannotta and Reinert & Rourke, as adverse claimants to the Contested Monies, are of diverse citizenship as defined in 28 U.S.C. § 1332; and (3) Plaintiffs have caused the entire amount of the Contested

Monies to be deposited into the registry of this Court, there to abide by the judgment of this Court.

15. This Court has jurisdiction over the subject matter of Counts II through V under 28 U.S.C. § 1367.

16. Venue is proper in this District under 28 U.S.C. § 1397, as Defendant Jannotta, as a rival claimant to the Contested Monies, resides at 2200 Bouterse Street, Park Ridge, Cook County, Illinois, which is within the Northern District of Illinois.

17. This action is related to *Jannotta, et al. v. Subway Sandwich Shops, Inc., et al.*, No. 94 C 3834 (N.D. Ill.), that was tried twice before Judge William T. Hart, and in which there is presently pending a Motion for Judgment against DAI's appeal bond surety, Travelers Casualty & Surety Company of America ("Travelers").

## FACTS

### The Kansas State Court Judgment

18. On July 19, 1996, the Civil Court Department of the District Court of Johnson County, Kansas entered a judgment imposing monetary sanctions against Duree and in favor of DAI in the amount of $408,445.25 relating to Duree's conduct in *Doctor's Associates, Inc. v. Kessler, et al.*, Case No. 91-C-2679, and ordered that such amount be paid to DAI (the "Sanctions Judgment") (attached hereto and incorporated herein by reference as Exhibit A).

19. The Kansas court imposed a sanctions judgment against Duree following an evidentiary hearing in which the court found that Duree deliberately fabricated evidence which he knew to be false in order to support a counterclaim he filed on behalf of his clients against DAI in the Kansas state court. The Kansas court further found that Duree filed the

counterclaim in bad faith. The $408,445.25 sanctions judgment against Duree represents the amount of attorneys' fees and costs DAI incurred in defending against Duree's counter-claim.

20.     At the time of the conduct for which Duree was sanctioned, as well as at the time the Sanctions Judgment was entered, Duree was a shareholder, director and officer in the law firm then-known as Reinert & Duree, P.C., a Missouri professional corporation. Reinert & Duree, P.C. was renamed Reinert & Rourke, P.C. on or about January 1, 1999.

21.     On December 18, 1998, the Supreme Court of the State of Kansas affirmed the Sanctions Judgment, and the United States Supreme Court denied certiorari. *Subway Restaurants, Inc. v. Kessler*, 266 Kan. 433, 970 P.2d 526 (1998), *cert. denied*, 526 U.S. 1112 (1999). Thus, that judgment is now final, and no further appeal is available.

22.     To date, Duree has failed and refused to satisfy the Sanctions Judgment. As of September 19, 2000, $408,445.25 plus a substantial amount of interest was due and owing to DAI under the Sanctions Judgment.

23.     On December 23, 1999, the Circuit Court of Cook County, Illinois registered the Kansas Sanctions Judgment, where it was assigned Case No. 99 L 09736 by the Clerk of the Circuit Court.

24.     Thereafter, DAI served Citations to Discover Assets upon Jannotta and Blasucci, seeking to discover all amounts owed and amounts already paid by Jannotta and Blasucci to Duree or David M. Duree & Associates, and enjoining them from transferring any such amounts to Duree.

25.     The foregoing Citations To Discover Assets are pending in the Circuit Court of Cook County, Illinois, where they act as a lien upon any funds owed by the citation

respondents (Jannotta or Blasucci) to Duree, and also as an injunction prohibiting Jannotta or

Blasucci from making any transfers to Duree.

26.     Jannotta and Blasucci, through David M. Duree & Associates as their

attorneys, moved to quash DAI's Citations to Discover Assets and refused to appear for citation

examinations. The hearing on this motion to quash is scheduled for a hearing on October 12,

2000 before Judge Thomas P. Quinn of the Circuit Court of Cook County, Illinois.

<u>The Illinois Federal Court Judgment</u>

27.     On June 23, 1994, Jannotta and Blasucci, in their capacity as Co-

Executors and the Co-Personal Representatives of the Estate of Victoria A. Jannotta, Deceased,

and Jannotta, in his individual capacity, instituted an action (No. 94 C 3834) in this Court against

Plaintiffs seeking monetary damages and injunctive relief arising out of alleged fraudulent

conduct and breach of contract ("the Illinois Federal Court Action"). Jannotta and Blasucci were

represented in the Illinois Federal Court Action by Reinert & Duree, P.C., of which law firm

Duree was at that time a shareholder, director and officer.

28.     Trial of the action resulted in entry of judgment against DAI, Subway,

Buck and DeLuca in the amount of $328,993.99 as compensatory damages, $196,325.88 in

attorneys' fees and costs, and $10 million in punitive damages. DAI paid Jannotta and Blasucci

the said compensatory damages and attorneys' fees awards, but filed an appeal from the punitive

damages award.

29.     On appeal, the United States Court of Appeals for the Seventh Circuit

reversed the $10 million punitive damages award, and remanded for a retrial on that issue.

*Jannotta v. Subway Sandwich Shops, Inc.*, 125 F.3d 504 (7th Cir. 1997).

30.     On remand, this Court before Judge William T. Hart conducted an new trial on the issue of punitive damages, and thereafter entered judgment against DAI, Subway, Buck and DeLuca in the amount of $100,000 as punitive damages, which Plaintiffs paid in full to Jannotta and Blasucci. This Court also awarded Jannotta and Blasucci attorneys' fees and costs for retrial in the amount of $132,795.72, but denied attorneys' fees and costs for the original appeal.

31.     DAI, Subway, Buck and DeLuca appealed from the award of attorneys' fees and costs for retrial, and on April 20, 1999, caused an appeal bond to be filed with the Clerk of this Court, with Travelers as surety.

32.     On August 29, 2000, the United States Court of Appeals for the Seventh Circuit affirmed the $132,795.72 attorneys' fee award, and awarded $26,089.25 in attorneys fees and costs for the appeal of the fee award. *Jannotta v. Subway Sandwich Shops, Inc.*, Nos. 99-1975, 99-2024 (7th Cir. Aug. 29, 2000).

33.     The Contested Monies, $168,649.40, consist of the $132,795.72 attorneys' fee award and the $26,089.25 attorneys' fee award relating to the appeal, plus accrued interest through September 20, 2000 in the amount of $9,764.43.

## COUNT I
### (Statutory Interpleader, 28 U.S.C. § 1335)

34.     Plaintiffs repeat and reallege the allegations in Paragraphs 1 through 33 hereof as though set forth in full.

35.     This Count is brought against Defendants pursuant to 28 U.S.C. § 1335 as a bill in the nature of interpleader.

36.     On or about April 17, 2000, while Plaintiffs' appeal to the United Court of Appeals for the Seventh Circuit was pending, Duree & Associates delivered to Plaintiffs and Travelers a notice of lien for attorneys' fees, as provided by the statutes of the States of Illinois (770 ILCS 5/1, *et seq.*) and of Missouri (Mo. Rev. Stat. § 484.130), against any funds recovered by Jannotta and Blasucci, the lien to be 40% "of any funds paid to [David M. Duree & Associates's] clients Nicholas C. Jannotta and Carmein Day Blasucci, and co-executors of the Estate of Victoria A. Jannotta, deceased, with respect to [*Jannotta, et al. v. Subway Sandwich Shops, Inc., et al.*, No. 94 C 3834]." This notice of lien is attached hereto and incorporated herein by reference as Exhibit B.

37.     On or about May 17, 2000, also while Plaintiffs' appeal to the United Court of Appeals for the Seventh Circuit was pending, Reinert & Rourke, P.C., f/k/a Reinert & Duree, P.C., delivered to Plaintiffs a second notice of lien for attorneys' fees, as provided by the statutes of the States of Illinois (770 ILCS 5/1, *et seq.*) and of Missouri (Mo. Rev. Stat. § 484.130), against any funds recovered by Jannotta and Blasucci, the lien to be 40% of "any amount recovered whether by settlement, suit, or verdict plus reimbursement of out-of-pocket expenses." This notice of lien is attached hereto and incorporated herein by reference as Exhibit C.

38.     Plaintiffs are in doubt and cannot safely determine as between the claims of Duree & Associates and Reinert & Rourke without great hazard to themselves, have no adequate remedy at law, and do not know to which of these adverse claimants it may safely pay, but hereby offer to pay the amount of the Contested Monies into Court in order that the adverse claimants may interplead and thereby settle and adjust their claims amongst themselves.

39.     DAI, as judgment-debtor, is also entitled to set off against the amounts otherwise payable to Duree & Associates or Reinert & Rourke in partial satisfaction of the Sanctions Judgment.

**WHEREFORE**, Plaintiffs request that this Court enter judgment:

A.     Decreeing that the Defendants may interplead together, and that it may be ascertained in such manner as this Court shall direct to which parties the Contested Monies ought to be paid;

B.     Granting Plaintiffs leave to pay the Contested Monies into Court, for the benefit of such of the parties as shall be found or decreed to be entitled thereto;

C.     Restraining the Defendants in the meantime from commencing or prosecuting any action against plaintiffs touching the Contested Monies;

D.     Discharging the Plaintiffs from all liability to any of the Defendants upon paying into the registry of the Court the Contested Monies;

E.     Awarding Plaintiffs reasonable attorneys' fees and costs out of the Contested Monies.

## COUNT II
### Fraudulent Transfers
### (Actual Fraud)

40.     Plaintiffs repeat and reallege the allegations in Paragraphs 1 through 39 hereof as though set forth in full.

41.     The allegations made in Paragraphs 41 through 46 below are made on information and belief.

42.     Duree either voluntarily or involuntarily withdrew from Reinert & Duree, P.C. on or about January 1, 1999.  On or about that date, Duree and Reinert & Duree, P.C., n/k/a

Reinert & Rourke, P.C., agreed that certain of the firm's accounts receivable and contingent rights to payment would be distributed to Duree, and Duree was granted the right to collect some or all of the attorney's fees receivable and contingent rights to payment that were or might become due and owing to Reinert & Duree, P.C. as a result of the Illinois Federal Court Action (the "Duree Receivable").

43. Thereafter, Duree purported to transfer the Duree Receivable to Duree and Associates (the "Fraudulent Transfer").

44. The Fraudulent Transfer constituted a transfer of property of Duree as those terms are used in Section 2 of the Uniform Fraudulent Transfer Act ("UFTA"), 740 ILCS 160/2.

45. The Fraudulent Transfer was made with the actual intent to hinder, delay or defraud DAI and other creditors of Duree.

46. Pursuant to Section 5(a)(1) of the UFTA, 740 ILCS 160/5(a)(1), the Fraudulent Transfer is voidable.

47. Pursuant to Sections 8 and 9 of the UFTA, 740 ILCS 160/8 and 9, the Fraudulent Transfer, or the value thereof, may be recovered from Duree & Associates.

**WHEREFORE**, Plaintiffs pray that the Court enter judgment:

A. Voiding the Fraudulent Transfer;

B. Finding that the Duree Receivable may be set off and applied against the Sanctions Judgment; and

C. Granting such other relief as this Court deems equitable and just.

## COUNT III
### Fraudulent Transfers
### (Constructive Fraud)

48. Plaintiffs repeat and reallege the allegations in Paragraphs 1 through 47 hereof as though set forth in full.

49. The allegations set forth in Paragraphs 49 through 53 below are made on information and belief.

50. The Fraudulent Transfer was made while Duree was insolvent, or Duree was rendered insolvent thereby.

51. After making the Fraudulent Transfer, Duree engaged in business or was about to engage in business for which any property remaining with Duree was unreasonably small capital.

52. After making the Fraudulent Transfer, Duree intended to, or believed that he would, incur debts that would be beyond his ability to pay as such debts matured.

53. Pursuant to Sections 5(a)(2) and 6(a) of the UFTA, 740 ILCS 160/5(a)(2) and 6(a), the Fraudulent Transfer is voidable.

54. Pursuant to Sections 8 and 9 of the UFTA, 740 ILCS 160/8 and 9, the Fraudulent Transfer, or the value thereof, may be recovered from Duree & Associates.

**WHEREFORE**, Plaintiffs pray that the Court enter judgment:

A. Voiding the Fraudulent Transfer;

B. Finding that the Duree Receivable may be set off and applied against the Sanctions Judgment; and

C. Granting such other relief as this Court deems equitable and just.

## COUNT IV
### (Alter Ego)

55.     Plaintiffs repeat and reallege the allegations in Paragraphs 1 through 54 hereof as though set forth in full.

56.     The allegations set forth in Paragraphs 56 through 59 below are made on information and belief.

57.     Duree & Associates is wholly owned by Duree, and Duree has transferred a number of his assets to Duree & Associates, as more fully set forth in Exhibit D.

58.     Duree is using Duree & Associates solely for his own benefit and to the detriment of Duree's creditors, including by using Duree & Associates to attempt to place his assets beyond the reach of creditors such as DAI, the owner of the Sanctions Judgment against Duree.

59.     Duree & Associates is so controlled and manipulated by Duree that it has become a mere instrumentality of Duree, and his alter ego.

60.     Recognizing a separate corporate identity for Duree & Associates would sanction a fraud upon creditors and work an injustice.

**WHEREFORE**, Plaintiffs pray that the Court enter judgment:

A.     Piercing the corporate veil between Duree and Duree & Associates;

B.     Finding that Duree & Associates' assets may be applied towards Duree's indebtedness to DAI;

C.     Finding that the Duree Receivable may be set off and applied against the Sanctions Judgment; and

D.     Granting such other relief as this Court deems equitable and just.

## COUNT V
## (Liability of Professional Corporation)

59.     Plaintiffs repeat and reallege the allegations in Paragraphs 1 through 58 hereof as though set forth in full.

60.     At all times prior to January 1, 1999, including at the time the Sanctions Judgment was entered against Duree, Duree was a principal of Reinert & Duree, P.C., a Missouri professional corporation ("Reinert & Duree").

61.     As a professional corporation engaged in the practice of law, the actions and liability of Reinert & Duree was governed by RSMo. Sections 356.011 to 356.261 (1994), namely, "The Professional Corporation Law of Missouri."

62.     Under Sec. 356.171.2, as a professional corporation whose principals and employees performed professional services within the scope of their employment or of their apparent authority to act for the professional corporation, Reinert & Duree is liable to the same extent as its employees and principals.

63.     At both the time that the Sanctions Judgment was entered by the District Court of Johnson County, Kansas as well as the time that the Sanctions Judgment was affirmed on appeal by the Kansas Supreme Court, Duree was a principal and/or an employee of Reinert & Duree.  Consequently, Reinert & Duree is liable to DAI on the Sanctions Judgment to the same extent as Duree.

64.     Pursuant to the Transfer Agreement (Exhibit D), Reinert & Duree, P.C. was renamed Reinert & Rourke, P.C., and therefore is the successor to Reinert & Duree, P.C.  As the successor to Reinert & Duree, Reinert & Rourke was and is liable on the Sanctions Judgment to the same extent as Duree, individually.

-13-

**WHEREFORE,** Plaintiffs pray that the Court enter judgment:

A.  Granting judgment against Reinert & Duree, P.C., now known as Reinert & Rourke, P.C., in the amount of Four Hundred Eight Thousand Four Hundred Forty Five Dollars and 25/100 ($408,445.25) plus accrued interest, attorneys' fees and costs;

B.  Finding that any monies paid to Reinert & Rourke, P.C., formerly known as Reinert & Duree, P.C., may be set off and applied against the Sanctions Judgment; and

C.  Granting such other relief as this Court deems equitable and just.

Respectfully submitted,

DOCTORS ASSOCIATES, INC., SUBWAY SANDWICH SHOPS, INC., FREDRICK A DeLUCA, and PETER H. BUCK

By: _____
One of their attorneys

Anton R. Valukas
Dean N. Panos
Vincent E. Lazar
Terence G. Banich II
JENNER & BLOCK
One IBM Plaza
Chicago, Illinois 60611
(312) 222-9350

514164

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

SUBWAY RESTAURANTS, INC.,
SUBWAY EQUIPMENT LEASING
CORP. and DOCTOR'S ASSOCIATES,
INC.,

      Plaintiffs,

vs.

NANCY KESSLER and DANE BANKS,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

· No. 91-C-2679
Court No. 7: Chapter 60

Formerly
No. 90-C2344
Court No. 1;
Chapter 61

(Consolidates with
Cause No. 90-C-12370
Court No. 7;
Chapter 60)

JOURNAL ENTRY

On March 8, 1996 and April 16, 1996, the above matter came on for hearing on the October 5, 1995 Motion of plaintiff Doctor's Associates, Inc. ("DAI") for Attorneys Fees and Costs against defendants' legal counsel, David M. Duree, Robert C. Carter, and the law firm of Reinert & Duree of St. Louis, Missouri ("Motion for Fees and Costs"), and DAI's November 10, 1995 Motion for an Order Revoking Mr. Duree's *Pro Hac Vice* Admission in this Case ("Motion To Revoke"). DAI was represented at both hearings by Stanley N. Wilkins from the law firm of Turner & Boisseau, Chartered, of Overland Park, Kansas, and Edward Wood Dunham from the law firm of Wiggin & Dana, of New Haven, Connecticut. Messrs. Duree and Carter, and Reinert & Duree were represented by Mr. Duree at both hearings, by Su Linda Jamison of the Barnett Law Firm of Overland Park at the March 8, 1996 hearing, and by Kathryn P. Barnett, also of the Barnett Law Firm, at the April 16, 1996 hearing.

EXHIBIT

tabbies

A

In support of its Motions, DAI submitted memoranda of fact and law and supporting evidence, and additionally called as a witness at the March hearing Professor Geoffrey C. Hazard, Jr. In opposing the motions, Messrs. Duree and Carter and Reinert & Duree submitted affidavits by Mr. Duree, Robert Seiffert, and Jerome Marchbein, all dated December 18, 1995, as well as additional evidence, and called as witnesses at the April hearing John Nicholas Badgerow and Mr. Duree. Following the hearings, Messrs. Duree and Carter submitted a supplemental brief on April 17, 1996, to which DAI responded on April 25, 1996.

The Court, after having carefully considered all oral arguments, written submissions and evidence presented by DAI and Messrs. Duree and Carter and Reinert & Duree, finds that:

1. Following his appearance in this case in the spring of 1991, Mr. Duree directed that five different versions of defendants' counterclaim against DAI be filed alleging various claims, culminating in the Fifth Amended Counterclaim ("Counterclaim") in May, 1993. Although defendants' earlier pleadings charged DAI with a variety of tortious conduct, the Counterclaim reduced defendants' claims to a single count of fraud and sought punitive damages.

2. Mr. Duree retained as defendants' financial expert Robert Seiffert, who has served as Mr. Duree's expert in many other cases that he has brought against DAI.

3. While they were operating their store, and before this litigation began, defendants had filed with the Internal Revenue Service ("I.R.S.") a 1989 partnership tax return for their Subway

-2-

store that showed that defendants had earned a $20,143 profit for their first ten months of operation. Defendant Nancy Kessler testified that this return was prepared by H&R Block based on defendants' Weekly Inventory Sales Reports ("WISRs"), contemporaneous store documents that accurately reflected the store's financial position.

4. Mr. Duree testified that, because he knew that this initial 1989 tax return would be a problem at trial since it was evidence that defendants' store was profitable, he made the "executive decision" for purposes of "trial strategy" to have Mr. Seiffert prepare and file with the I.R.S. an amended 1989 partnership return to show that defendants had suffered a loss in 1989. This amended return was prepared by Mr. Seiffert and filed with the I.R.S. in January, 1993, approximately four months before Mr. Duree filed the Counterclaim. The gross receipts on the amended return report only about one half the amount reported on the initial return, and the amended return showed the store operating at a loss during 1989.

5. Although Ms. Kessler testified that only 50-60% of the store's receipts was deposited into any bank, Mr. Seiffert calculated the gross receipts reported on the amended return based on defendants' bank deposits. Mr. Seiffert attempted to justify his decision to rely on bank deposits by testifying that all defendants' WISRs for 1989 were not available, but at Mr. Seiffert's deposition Mr. Dunham quickly located in Mr. Seiffert's files all defendants' 1989 WISRs.

6.   Mr. Seiffert appended to the amended return filed with the I.R.S. a disclaimer stating that "[w]e have prepared the 1989 Subway Limited income tax return from documents and information made available to us by the taxpayer.  We are not able to determine whether this information supplied to us is complete and accurate."

7.   Nevertheless, defendants, through Mr. Duree, tendered the amended return to the Court as an accurate and reliable document, and relied on it in opposing DAI's motion for summary judgment on the Counterclaim.  Among other things, Mr. Duree submitted a sworn affidavit from Mr. Seiffert in which Mr. Seiffert criticized DAI's expert for relying on the initial return and averred that the amended return contained "the correct figures."

8.   Based on the above findings, and all the other, overwhelming evidence submitted in connection with DAI's Motions, the Court has reached the inescapable conclusion that, in his role as lead trial counsel, Mr. Duree deliberately caused to be prepared a false tax return for use in this litigation to support defendants' claims of fraud in the Counterclaim.  Mr. Duree's conduct violates Model Rules of Professional Conduct 3.3, 3.4 and 8.4

9.   The Court also finds that Mr. Duree caused the Counterclaim to be filed without any good faith basis in fact or law.  In addition to the foregoing facts about Mr. Duree's knowing use of the false tax return, he had been defendants' lead counsel for two years when the Counterclaim was filed and knew or

-4-

should have known that the true facts of the case did not support defendants' claims of fraud; the Court established the baselessness of these allegations when it granted summary judgment in DAI's favor on the entire Counterclaim. But Mr. Duree attempted to create a case where none existed by commissioning the preparation of the fraudulent amended tax return.

10. Moreover, the Court granted summary judgment based largely on the testimony of Ms. Kessler and Mr. Seiffert -- information readily available to Mr. Duree well before he filed the Counterclaim -- and concluded that the basic theory of defendants' case defies common sense. And, as the Court previously held at the August 8, 1995 hearing on DAI's April 25, 1995 Motion for Sanctions, defendants' counsel engaged in such bad faith in opposing summary judgment that it was clear that "the entire effort on the part of Mr. Duree and his associates was to divert the Court's attention from the facts of the case . . . [that] were certainly not favorable to [defendants'] suit for fraud." If Mr. Duree had filed the Counterclaim in good faith with a reasonable basis in fact, he would not have resorted to such bad faith tactics in opposing summary judgment.

11. For the foregoing reasons, the Court concludes that Mr. Duree knowingly filed the Counterclaim without a reasonable basis in fact or law, and not in good faith. The Court also finds that all the attorney fees and costs that DAI incurred from the date of the filing of the Counterclaim through the Court's granting of summary judgment were directly caused by Mr. Duree's bad faith

filing of the groundless Counterclaim, and that the $408,445.225 in fees and costs claimed by DAI is reasonable, given the amount of work involved in defending against defendants' baseless claims. The Court also notes that neither Mr. Duree nor anyone else acting on behalf of defendants has ever contested the reasonableness of these fees and costs.

12. Mr. Carter and Su Linda Jamison, defendants' local counsel, do not share Mr. Duree's culpability for the conduct listed above.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that DAI's Motion to Revoke Mr. Duree's *pro hac vice* admission is granted

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that DAI's Motion for Fees and Costs is granted, and Mr. Duree is ordered to pay DAI $408,445.25 to reimburse DAI for all the reasonable attorney fees and costs it incurred from the date the Fifth Amended Counterclaim was filed through the date the Court granted summary judgment, because DAI incurred all these fees and costs as a result of Mr. Duree's knowing filing of the Fifth Amended Counterclaim without a reasonable basis in fact or law and not in good faith.

There is no just reason for delay from this final judgment, and an immediate appeal may materially advance the ultimate termination of the litigation.

IT IS SO ORDERED.

July 19, 1996
_____
Dated

_Janice D. Russell_
_____
Janice D. Russell
Judge of the District Court

-6-

LAW OFFICES OF

# DAVID M. DUREE AND ASSOCIATES

A PROFESSIONAL CORPORATION

DAVID M. DUREE
LICENSED IN ILLINOIS AND MISSOURI

312 S. Lincoln Avenue
O'Fallon, Illinois 62269
Tel: (618) 628-0186
Fax: (618) 628-0259

Email: law@dmduree.net
Web Site: www.dmduree.net

April 17, 2000

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Doctor's Associates, Inc.
325 Bic Drive
Milford, CT 06460-3059

RE:     **Nicholas C. Jannotta and Carmein Day Blasucci. v. Subway Sandwich Shops, Inc.,**
        **Frederick A. DeLuca, Peter H. Buck & Doctor's Associates, Inc.**
        **United States District Court for the Northern District of Illinois**
        **Case No. 94 CV 3844**
        **Appealed to the United States Court of Appeals for the Seventh Circuit**
        **Appeals Nos. 99-1975 and 99-2024**

Gentlemen:

    David M. Duree and Associates, P.C. (an Illinois corporation) claims a lien on any funds paid to its clients Nicholas C. Jannotta, individually and/or Nicholas C. Jannotta and Carmein Day Blasucci, as co-executors of the Estate of Victoria A. Jannotta, deceased, with respect to the above-described litigation.

    David M. Duree and Associates, P.C. is entitled to receive forty percent (40%) of any amount recovered by Nicholas C. Jannota and/or Carmein Day Blasucci in the above litigation plus reimbursement of out-of-pocket expenses. A portion of the fee will be paid to the former attorneys for Mr. Jannotta and Mrs. Blasucci, Reinert and Rourke, P.C.

    This notice of lien is served by certified mail pursuant to 770 ILCS 5/1 et seq.

    Payment of any part of any judgment in this litigation should be made to "Nicholas C. Jannotta and Carmein Day Blasucci and David M. Duree and Associates, P.C."



EXHIBIT

B

Letter to Doctor's Associates, Inc.
April 17, 2000
Page 2

This is to request that each defendant provide written acknowledgment that they will honor these lien rights.

I am notifying Travelers Casualty & Surety Company of America of these lien rights since it executed an appeal bond in the amount of $150,000 on April 20, 1999.

Very truly yours,

David M. Duree

DMD:rmm

cc:  Dean N. Panos  **(Via Certified Mail, Return Receipt Requested)**
     JENNER & BLOCK
     One IBM Plaza
     Chicago, Illinois  60611

cc:  Leonard Axelrod  **(Via Certified Mail, Return Receipt Requested)**
     Doctor's Associates, Inc.
     325 Bic Drive
     Milford, CT  06460-3059

cc:  William Darrin, Jr.  **(Via Certified Mail, Return Receipt Requested)**
     Doctor's Associates, Inc.
     325 Bic Drive
     Milford, CT  06460-3059

cc:  Mr. Peter Buck  **(Via Certified Mail, Return Receipt Requested)**
     11 Centennial Drive
     Danbury, CT 06811

cc:  Ms. Lisa Oak  **(Via Certified Mail, Return Receipt Requested)**
     Subway Shops, Inc.
     325 Bic Drive
     Milford, CT  06460-3059

cc:  Mr. Frederick DeLuca  **(Via Certified Mail, Return Receipt Requested)**
     The Riviera
     3550 Galt Ocean Drive, Apartment 301
     Ft. Lauderdale, FL  32605

Letter to Doctor's Associates, Inc.
April 17, 2000
Page 3

cc:   Travelers Insurance  **(Via Certified Mail, Return Receipt Requested)**
       Attention: Mr. Joseph Kiernan
       President and CEO, Bond Department
       One Tower Square
       Hartford, CT 06183

cc:   Ms. Mildred K. Shinn  **(Via Certified Mail, Return Receipt Requested)**
       Doctor's Associates, Inc.
       325 Bic Drive
       Milford, CT 06460-3059

LAW OFFICES OF

# REINERT & ROURKE

PROFESSIONAL CORPORATION

812 NORTH COLLINS
LACLEDE'S LANDING
ST. LOUIS, MISSOURI 63102-2174

BERNARD A. REINERT

LICENSED IN MISSOURI AND IN ILLINOIS

TELEPHONE (314) 621-5743
FACSIMILE (314) 621-8071

May 17, 2000

Anton R. Valukas, Esq.
Jenner & Block, P.C.
One IBM Plaza
Chicago, IL 60601

Robert R. Stauffer, Esq.
Jenner & Block, P.C.
One IBM Plaza
Chicago, IL 60601

Dean N. Panos , Esq.
Jenner & Block, P.C.
One IBM Plaza
Chicago, IL 60601

SENT VIA CERTIFIED
MAIL - RETURN RECEIPT
REQUESTED and FIRST CLASS
US MAIL

Subway Sandwich Shops, Inc.
c/o Subway Franchise Headquarters
325 Bic Drive
Milford, CT  06460-3072

Fredrick A. DeLuca
c/o Subway Franchise Headquarters
325 Bic Drive
Milford, CT  06460-3072

Peter H. Buck
c/o Subway Franchise Headquarters
325 Bic Drive
Milford, CT  06460-3072

Doctor's Associates, Inc.
c/o Subway Franchise Headquarters
325 Bic Drive
Milford, CT  06460-3072

Re:  **Subway Sandwich Shops, Inc. et al. v. Nicholas C. Jannotta, et al.**
Cause Nos.  99-1915 and 99-2024; Appeal in the United States Court of Appeals
for the Seventh Circuit from the United States District Court for the Northern District of Illinois,
Eastern Division  (No. 94CV3834; Judge William T. Hart)

Dear Gentlemen:

This is to confirm the fact that this law firm, which was formerly known as Reinert & Duree, P.C., has a contingency fee
agreement with the Plaintiffs-Appellees/Cross-Appellants whereby it is to receive forty percent (40%) of any amounts recovered
whether by settlement, suit, or verdict plus reimbursement of out-of-pocket expenses.  We are accordingly hereby asserting our
attorneys' lien pursuant to the laws of Illinois and Missouri for that amount.

Sincerely yours,

Bernard A. Reinert

BAR/pla

cc:  Nicholas C. Jannotta
     Carmein Day Blasucci
     David M. Duree, Esq.



EXHIBIT

C



PLAINTIFF'S
EXHIBIT
1  Duree
1-5-00 SM

## AGREEMENT

This Agreement between David M. Duree (DMD), Bernard A. Reinert (BAR),

Reinert & Duree, P.C., to be renamed Reinert & Rourke, P.C. (R&R) and David M.

Duree and Associates, P.C. now in the process of incorporation (D&A), and L & R

Professional Office Building Partnership (L&R), entered into, and effective, on January

1, 1999 is as follows:

    1.    DMD hereby surrenders his stock in R&R and hereby resigns all positions

as an Officer, Director and employee of R&R. In exchange and as consideration

therefor, R&R (a) assigns the two life insurance policies on the life of DMD to D&A, (b)

forgives, releases and acknowledges as paid the promissory note executed by DMD in

favor of R&R, dated February 4, 1998, in the amount of $21,715.64 which is hereby

canceled and (c) transfers to D&A all of the furniture physical equipment and other

things the virtually exclusive use and enjoyment of which DMD heretofore has had in

the office, including two (2) computer units, all of which the parties value at $1,000.00

acknowledged to be paid.

    2.    DMD will be/has been paid his usual compensation through January,

1999.

    3.    D&A hereby subleases the eastern 40 feet of 812 N. Collins from R&R,

except for the space on the ground floor on Second Street now subleased to Gibbols, at

the rate of $2,000.00 per month, with payment due at the end of each month of the lease

period. The lease includes sharing the use of the library facilities, restrooms and

common areas and the computer equipment, telefax machine and telephone system.

Either party may terminate this sublease upon 30 days written notice.

EXHIBIT

D

4.    D&A will retain and pay its own secretaries. Staff personnel of R&R will be made available to D&A at the salary cost of such personnel reduced to an hourly rate of pay plus the appropriate percentage factor for taxes, insurance, etc., which will be billed at the end of each month and is thereupon immediately payable.

5.    D&A will fund 50% of Kelly Padgitt's salary including the appropriate percentage factor for tales, insurance, etc. each pay day or if same is not so funded will promptly reimburse R&R therefor.

6.    D&A will reimburse R&R one-half of each of the following expenses, due at the end of the month:

    (a)    postage

    (b)    internal copy expenses

D&A will reimburse R&R monthly for any telephone or telefacsimile transmission charges incurred by it using R&R's telephone lines and equipment and will pay all charges on D&A's separate dedicated line (621-5751).

7.    Attorneys fees for attorney services provided between R&R and D&A will be billed, between firms, at the end of each month. The billing rate between the firms will be $75.00 per hour.

8.    All attorneys fees on hourly cases for time expended on or before December 31, 1998 will be retained by R&R.

9.    Any out-of-pocket expenses recovered from clients will be paid to the firm that advanced the expenses.

10.    Subject to applicable law and policy provisions and limitations, the

09/18/00  MON 14:47 FAX 314 863 9388          BLUMENFELD KAPLAN                    ☑037

existing group life and health insurance policies of R&R will be made applicable to the

employees of D&A as additional insured(s) and they will remain on the same plan,

with future premiums to be equitably apportioned between and then paid by the two

firms.

11.    The lawyers employed by D&A will be added, if possible, as additional

insureds on the professional liability insurance coverage held by R&R; D&A will pay a

fair share of the premiums for such coverage.

12.    The parties recognize and acknowledge that due in large part to DMD's

actions in undertaking contingent fee cases and other risks in litigation, the law firm,

R&D, now R&R, has become encumbered with debt which includes secured bank debt,

trade debt and contingent fee case debt in the total approximate amount of $543,500.00.

The parties are determined to pay and/or otherwise settle and resolve all such

indebtedness and accordingly R&R and D&A have agreed to share equally, dollar for

dollar, in the liquidation of such debt as the same is finally established by R&R's

accountants, Rubin, Brown, Gornstein & Co., in preparing the firms annual financial

statements as of the end of the year, 12/31/98. To accomplish this objective, and for the

consideration of $1.00, DMD and his spouse quit claim their interest in L&R and the

L&R real estate to BAR and his spouse.

13.    In consideration of DMD's spouse executing such quit claim deed, BAR

agrees contractually hereby to pay one-half of the moneys (less expenses of sale and all

taxes, including Federal income tax, due upon the sale thereof) realized upon the sale

of the real estate which are in excess of the total indebtedness of the firm R&D now

R&R including all bank debt, trade debt, and contingent fee case debt, as of the close of

09/18/00  MON 14:47 FAX 314 863 9388        BLUMENFELD KAPLAN        ☒038

business on December 31, 1998 as established, as aforesaid, by the annual financial statements to be prepared for the firm by its accountants, Rubin, Brown, Gornstein & Co., to DMD's spouse or in trust for her, her children and her grandchildren as she may designate.

14.    BAR and R&R will hold DMD harmless and release him from any and all obligation to pay any portion of the outstanding bank debt of R&R, L&R and BAR that is currently outstanding and agree to reimburse DMD any amounts DMD or his spouse are required to pay the bank under any existing Guaranty Agreements if, but only if the sale price of the L&R real estate is adequate to satisfy such bank debt, trade debt and contingent fee case debt as well as all tales due on the sale of such real estate. If otherwise, DMD and spouse remain liable for the deficiency along with R&R, BAR and spouse.

15.    R&R releases DMD from any and all obligations to reimburse any out-of-pocket expenses paid by R&R on any Subway cases or other contingent fee cases taken on by DMD, except to the extent that any such expenses are recovered in the future as a result of any ongoing litigation. As to existing out-of-pocket expenses, charges and obligations as yet unpaid by R&R, DMD and D&A will match dollar for dollar whatever R&R may have to pay thereon to satisfy or to settle all such indebtedness, claims, expenses, charges and obligations, either to fund such payments or to reimburse R&R therefor.

16.    Any net fee (after reimbursement of out-of-pocket expenses) from the Iannotta case will be divided equally between R&R and D&A.

17.    Continuing work on the following cases will be handled by D&A. Any

money recovered in these cases (after reimbursement of out-of-pocket expenses), will be divided as follows:

(a)    D&A will receive $75.00 per hour for time expended by D&A after 1-1-99 to the extent of fees recovered; however, reconciled with this will be any houdy fees incurred by R&R due to its personnel working on such cases after 1-1-99;

(b)    The balance of the fee will be divided equally between D&A and R&R.

(c)    The initial list of cases is as follows:

1.    All existing <u>Subway</u> cases in which a lawsuit or arbitration demand has been filed

2.    The existing <u>We Care Hair</u> cases

3.    . The <u>Bogey Crossing</u> case — to the extent of R&R's 40% interest in the total fee

4.    <u>EID v. Destron</u>

5.    <u>Sokolowski v. Global Van Lines</u>

6.    <u>Morris and Ray Smith v. Shoney's</u> and <u>Shoney's v. Morris</u>

7.    <u>Holt Electrical v. General Electric</u>, the contingent fee case

8.    · <u>Todd v. Korte</u>

Additional cases may be added to this list if overlooked and by reason thereof have not been included in this initial list.

18.    D&A will continue to handle the following hourly cases and all fees for work performed after January 1, 1999 will be retained by D&A.  Additional cases may be added to this list.

(1)    <u>Roy Boyer v. Sinclair & Rush</u>

(2)   W.E. Brandt Inc., all cases

(3)   General Electric v. Holt Electrical

(4)   J.F. Electric v. O'Fallon Electric

(5)   All GRP cases

(6)   All George Weis Co. cases

(7)   All Hammer & Steel cases

(8)   Patio Enclosures v. Hrdlicka

(9)   Valastro v. GNC

(10)  Washington International v. Barton Construction Co.

(11)  Washington International v. A&H Mechanical

(12)  Sharlene Brown v. Volunteers of America

19.   D&A will handle, and will retain all net fees for the following contingent fee cases in which suit has not yet been filed:

(a)   Wymin Five v. Reichert

(b)   Mark Newman's personal injury case

(c)   Kay Gerkowski v. Dairy Queen

20.   D&A and DMD will continue to work on the Just Brakes case. There will be no charge for these services.

21.   D&A and DMD will continue to work on the Duane Fontana v. Pekin Ins. Co. case. All fees received will be divided equally between D&A and R&R.

22.   D&A and DMD will attempt to collect unpaid fees in the following cases.

09/18/00 MON 14:48 FAX 314 863 9388     BLUMENFELD KAPLAN                    ☒041

D&A will be paid at the rate of $75.00 per hour for all future work on these cases, but

will be paid only out of any proceeds recovered:

 (1) <u>Morris Taylor v. Debbie & Robert Saetelle</u>

 (2) <u>Rainforest Co.</u>

 (3) <u>Norwest Bank v. Gateway Beverage Co.</u>

 (4) <u>Transit Casualty</u>

23. The parties intend this to be a honorable, fair and equitable agreement. If

hereafter in the execution of this Agreement, it becomes evident that some element of

this Agreement is unfair or inequitable to any party, the parties agree to confer and to

renegotiate any such element of this Agreement and to reduce the resulting

modification to writing to be signed by the parties as an amendment to this Agreement.

This is the entire agreement of the parties; it shall be governed by Missouri law.

 Agreed to and effective on January 1, 1999

_____
David M. Duree

_____
David M. Duree & Associates, P.C.

Reinert & Rourke, P.C. By Bernard A. Reinert, President
Reinert & Rourke, P.C.

_____
Bernard A. Reinert

_____
John W. Rourke

_____
L&R Professional Office Building Partnership

**DOCTOR'S ASSOCIATES, INC.**

618865

| DATE | INVOICE NO. | DESCRIPTION | INVOICE AMOUNT | DEDUCTION | BALANCE |
|------|-------------|-------------|----------------|-----------|---------|
| 9/15/00 | | JANNOTTA CASE | | | $168,649.40 |
| | | **TOTALS** | | | $168,649.40 |



Civil Cover Sheet                                                      Page 1 of 1

**DOCKETED**

**SEP 2 2 2000**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

| | |
|---|---|
| **Plaintiff(s):** Doctor's Associates, Inc., Subway Sandwich Shops, Inc., Fredrick A. DeLuca, and Peter H. Buck, | **Defendant(s):** David M. Duree & Associates, P.C., David M. Duree, Reinert & Rourke, P.C., Nicholas A. Jannotta, and Carmein Day Blasucci |
| County of Residence: Broward County of Ft. Lauderdale, Florida | County of Residence: St. Clair County, Illinois |
| Plaintiff's Atty: Anton R. Valukas, Dean N. Panos, Vincent E. Lazar, Terence G. Banich Jenner & Block One IBM Plaza, Chicago, IL 60611 312-222-9350 | Defendant's Atty: |

**00C 5779**

II. Basis of Jurisdiction:          **4. Diversity (complete item III)**

III. Citizenship of Principle Parties
(Diversity Cases Only)

          Plaintiff:- **2 Citizen of Another State**

          Defendant:- **2 Citizen of Another State**

IV. Origin :          1. Related Action to Jannotta et al. v. Subway Sandwich Shops
V. Nature of Suit:          94C3834 (N.D. Ill.)   Hon. William T. Hart
        **890 Other Statutory Actions**

VI. Cause of Action:          **28 U.S.C. s 1335 -- Complaint for Statutory Interpleader and Related Relief**

VII. Requested in Complaint
      Class Action: No
      Dollar Demand: **$585,500.39**
      Jury Demand: No

**JUDGE RONALD GUZMAN**

**MAGISTRATE JUDGE DENLOW**

VIII. This case **Is NOT** a refiling of a previously dismissed case. (If yes case number __ by Judge __)

Signature:

Date: September 19, 2000

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.**          Revised: 06/28/00

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

In the Matter of

Doctor's Associates, Inc., et al.

vs.

David M. Duree & Associates, P.C., et al.

00C 5779

Case Number:

**DOCKETED**
SEP 2 2 2000

FILED-EDS
00 SEP 19 PM 4:25
U.S. DISTRICT COURT
CLERK COURT

## APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR: Plaintiffs

JUDGE RONALD GUZMAN

MAGISTRATE JUDGE DENLOW

| (A) | (B) |
|---|---|
| SIGNATURE _Anton R. Valukas /DNP_ | SIGNATURE _Dean N. Pan_ |
| NAME Anton R. Valukas | NAME Dean N. Panos |
| FIRM Jenner & Block | FIRM Jenner & Block |
| STREET ADDRESS One IBM Plaza | STREET ADDRESS One IBM Plaza |
| CITY/STATE/ZIP Chicago, Illinois 60611 | CITY/STATE/ZIP Chicago, Illinois 60611 |
| TELEPHONE NUMBER (312) 222-9350 FAX NUMBER (312) 840-7303 | TELEPHONE NUMBER (312) 222-9350 FAX NUMBER (312) 840-7765 |
| E-MAIL ADDRESS avalukas@jenner.com | E-MAIL ADDRESS dpanos@jenner.com |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 02883678 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6203600 |
| MEMBER OF TRIAL BAR? YES ☒ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☒ |
| TRIAL ATTORNEY? YES ☒ NO ☐ | TRIAL ATTORNEY? YES ☒ NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☒ |

| (C) | (D) |
|---|---|
| SIGNATURE _Vincent E. Lazar /DNP_ | SIGNATURE _Terence G. Banich_ |
| NAME Vincent E. Lazar | NAME Terence G. Banich II |
| FIRM Jenner & Block | FIRM Jenner & Block |
| STREET ADDRESS One IBM Plaza | STREET ADDRESS One IBM Plaza |
| CITY/STATE/ZIP Chicago, Illinois 60611 | CITY/STATE/ZIP Chicago, Illinois 60611 |
| TELEPHONE NUMBER (312) 222-9350 FAX NUMBER (312) 840-7389 | TELEPHONE NUMBER (312) 222-9350 FAX NUMBER (312) 840-8704 |
| E-MAIL ADDRESS vlazar@jenner.com | E-MAIL ADDRESS tbanich@jenner.com |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6204916 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6269359 |
| MEMBER OF TRIAL BAR? YES ☒ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☒ |
| TRIAL ATTORNEY? YES ☒ NO ☐ | TRIAL ATTORNEY? YES ☒ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☒ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☒ |