Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5779 | **DATE** | 10/20/2000 |
| **CASE TITLE** | DOCTORS ASSOCIATES, et al vs. DAVID M. DUREE & ASSOCIATES, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   The Court denies defendants' motions to dismiss [6-1, 7-1, 8-1, 10-1]. Accordingly, defendants' motion for expedited hearings on the motions to dismiss [9-1, 14-1, 15-1] are denied as moot. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 23 2000 | |
| ✓ | Docketing to mail notices. | | date docketed | 22 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| CG | courtroom deputy's initials | 00 OCT 20 PM 4:21 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCTORS ASSOCIATES, INC., a )
Florida corporation, SUBWAY )
SANDWICH SHOPS, INC., a )
Connecticut corporation, FREDERICK )
A. DeLUCA, an individual, and PETER )
H. BUCK, an individual, )
                               )
      Plaintiffs, )
                               )
v. ) Judge Ronald A. Guzman
                               )
DAVID M. DUREE & ASSOCIATES, ) 00 C 5779
P.C., an Illinois professional corporation, )
DAVID M. DUREE, an Illinois attorney, )
REINERT & ROURKE, P.C., a )
Missouri professional corporation, )
NICHOLAS C. JANNOTTA, an Illinois )
domiciliary, and CARMEIN DAY )
BLASUCCI, an Illinois domiciliary, )
                               )
      Defendants. )

DOCKETED
OCT 23 2000

## MEMORANDUM OPINION AND ORDER

Plaintiffs in this case were defendants in a previous suit brought by Nicholas Jannotta ("Jannotta") and Carmein Blasucci ("Blasucci"). In the previous lawsuit, Jannotta and Blasucci prevailed, the district court ordered plaintiffs in the instant suit to pay Jannotta and Blasucci's attorneys' fees, and the Seventh Circuit affirmed the attorneys' fee award and ordered the plaintiffs in the present suit to pay Jannotta and Blasucci's attorneys' fees relating to the appeal as well. At some time during the previous lawsuit, the law firm that represented Jannotta and Blasucci in the previous lawsuit split up, creating two new law firms and each of these firms has filed liens on 40% of the amount plaintiffs owe Jannotta and Blasucci. Plaintiffs have filed this interpleader action and other claims. Defendants Jannotta, Blasucci, Duree, Duree & Associates, and Reinert and Rourke

22

have moved to dismiss the complaint pursuant to Fed. R. Civ. P. ("Rule") 12(b)(1), (3), and (6). For the reasons provided in this Memorandum Opinion and Order, the Court denies the motions.

### Facts

On March 24, 1999, in a previous lawsuit entitled *Jannotta v. Subway Sandwich Shops, Inc.*, No. 94 C 3834, the Honorable William T. Hart ordered plaintiffs to pay Jannotta and Blasucci $132,795.72 in attorneys' fees. (Compl. ¶ 30.) On August 29, 2000, in the same lawsuit, the Seventh Circuit ordered plaintiffs to pay an additional $26,089.05 to Jannotta and Blasucci for attorneys' fees. (*Id.* ¶ 32; *Jannotta v. Subway Sandwich Shops, Inc.*, 225 F.3d 815 (7th Cir. 2000).) During the previous lawsuit, the law firm representing Jannotta and Blasucci split up, creating two new law firms, Duree & Associates and Reinert & Rourke. (Compl., Ex. D, Agreement of 1/1/99.) On April 17, 2000, Duree & Associates delivered to plaintiffs a notice of lien for attorneys' fees which stated that it was entitled to receive forty percent of any amount recovered by Jannotta and Blasucci. (Compl. ¶ 36; *id.*, Ex. B, Duree & Associates Lien.) On May 17, Reinert & Rourke, P.C. delivered to plaintiffs a notice of lien for attorneys' fees stating that it had a contingency fee agreement with Jannotta and Blasucci whereby it was to receive forty percent of any funds recovered by Jannotta and Blasucci. (*Id.* ¶ 37; *id.*, Ex. C, Reinert & Rourke Lien.) On September 19, 2000, plaintiffs filed the instant interpleader action stating that plaintiffs did not know which claimant it could safely pay. (*Id.* ¶ 38.) Shortly thereafter plaintiffs entered the judgment amounts in addition to accrued interest through September 20, 2000, or a total of $168,649.40, into the registry of this Court.

In yet another previous lawsuit, *Doctor's Associates, Inc. v. Kessler*, filed in Kansas, the state court entered a judgment ordering Duree to pay Doctor's Associates, Inc. $408,445.25 in monetary

sanctions ("sanctions judgment") for Duree's filing a counterclaim without a reasonable basis in fact or law and in bad faith. (*Id.* ¶¶ 18-26.) To date, Duree has failed to satisfy the sanctions judgment. (*Id.* ¶ 22.) In Counts II and III, Doctors Associates alleges that Duree's transfer of his rights to collect the attorneys' fees receivable to Duree & Associates (1) was a fraudulent transfer designed to hinder, delay or defraud Doctors Associates and other creditors of Duree and (2) constituted constructive fraud. (*Id.* ¶¶ 40-54.) In Counts IV and V, Doctors Associates seeks to hold Duree and Associates and Reinert and Duree responsible for the sanctions judgment against Duree. (*Id.* ¶¶ 55-64.)

## Discussion

Defendants have moved to dismiss the complaint for lack of jurisdiction, for failure to state a claim, and for improper venue. The Court addresses each argument in turn.

Rule 12(b)(1) motions are based on either facial or factual attacks on jurisdiction. *Villasenor v. Industrial Wire & Cable, Inc.*, 929 F. Supp. 310, 311 (N.D. Ill. 1996). If the defendant launches a factual attack on plaintiff's assertion of subject matter jurisdiction, the court may look beyond the jurisdictional allegations in the complaint and "view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993); *see also Barnhart v. United States*, 884 F.2d 295, 296 (7th Cir. 1989). To withstand a Rule 12(b)(1) motion, plaintiff must competently prove by a preponderance of the evidence that subject matter jurisdiction exists. *NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995); *see also McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993).

In the complaint, plaintiffs assert that the basis for jurisdiction over the subject matter of the interpleader claim in Count I is 28 U.S.C. § 1335 and the basis for jurisdiction over the subject matter of Counts II through V is 28 U.S.C. § 1367. Defendants' argue that because they are not adverse claimants as required by 28 U.S.C. § 1335, there is no jurisdiction over the subject matter in Count I and accordingly, there can be no supplemental jurisdiction over Counts I through V.

The federal interpleader statute provides:

> The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation . . . having in his or its custody or possession money or property of the value of $500 or more . . . if (1) [t]wo or more adverse claimants, of diverse citizenship as defined in section 1332 of this title, are claiming or may claim to be entitled to such money or property . . . . and if (2) the plaintiff has deposited such money . . . into the registry of the court, there to abide the judgment of the court . . . conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

28 U.S.C. § 1335. "To satisfy the adversity requirement for an interpleader action, the interpleader claims must be adverse to the fund and adverse to each other." *Industrial Bank of Wash. v. Techmatics Techs., Inc.*, 763 F. Supp. 629, 634 (D.D.C. 1991). "That is, the dispute cannot involve money generally, as most disputes do, but must involve a specific fund of money and competing claims for that fund." *American Family Mut. Ins. Co. v. Roche*, 830 F. Supp. 1241, 1245 (E.D. Wis. 1993).

On March 24, 1999, the Judge Hart ordered plaintiffs to pay Jannotta and Blasucci $132,795.72 in attorneys' fees. On August 29, 2000, the Seventh Circuit ordered plaintiffs to pay an additional $26,089.05 to Jannotta and Blasucci in attorneys' fees. On April 17, 2000, Duree & Associates delivered to plaintiffs a notice of lien for attorneys' fees which stated that it was entitled to receive forty percent of any amount recovered by Jannotta and Blasucci. (Compl., Ex. B.) On

4

May 17, Reinert & Rourke, P.C. delivered to plaintiffs a notice of lien for attorneys' fees stating that it had a contingency fee agreement with Jannotta and Blasucci whereby it was to receive forty percent of any funds recovered by Jannotta and Blasucci. (*Id.*, Ex. C.)

Defendants claim they are not adverse claimants to the interpleaded fund. They argue that at some point after David M. Duree & Associates and Reinert & Rourke, P.C. delivered their notices of liens to plaintiffs, Jannotta and Blasucci entered into a written contract with David M. Duree & Associates, P.C., in which Jannotta and Blasucci agree to pay David M. Duree & Associates, P.C. and Reinert & Rourke, P.C., a combined total of forty percent of the amount recovered, plus reimbursement of out-of-pocket expenses.

It is well-accepted that "[j]urisdictional questions are answered by reference to the time of the filing of an action . . . ." *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 248 (7th Cir. 1981). There is no evidence that the purported written contract, which for some reason has not been provided to the Court, existed at the time of the filing of this suit. Further, plaintiffs have submitted an affidavit that states that defendants had not communicated to plaintiffs that such an agreement existed prior to the filing of this lawsuit. (Compl., Ex. C, Panos Aff.) When Bernard Reinert spoke with plaintiffs' counsel regarding Reinert and Rourke's lien prior to the filing of this lawsuit, he did not state that his firm would share a portion of the recovered fees with Duree & Associates. (*Id.* ¶ 4.) Curiously, despite plaintiffs' repeated requests, David Duree and Robert Thomas, who have individually represented both Jannotta and Blasucci, to date have not provided an affidavit from Jannotta and Blasucci stating the amount they are owed so that plaintiffs may release at least that portion of the interpleaded fund that they claim is theirs. This behavior casts serious doubt on the existence of any agreement that would involve plaintiffs paying 40% of the funds directly to Duree

5

& Associates and Reinert & Rourke. As stated in open court, this behavior might even raise a more serious question of whether Jannotta and Blasucci's best interests are being protected before this Court. (*See* Pls.' Resp. Defs.' Mots. Dismiss, Ex. D, Tr. of 10/10/00, at 13.) Thus, plaintiffs cannot be absolutely sure of the amount it owes Jannotta and Blasucci. Further, at the time this suit was filed, plaintiffs reasonably believed that David M. Duree & Associates claimed 40% of the interpleaded funds, Reinert & Rourke, P.C. claimed 40%, and Jannotta and Blasucci were entitled to 60%, if not 100%, which adds up to 140 or 180% of the interpleaded funds. Accordingly, plaintiffs' fear of multiple vexation directed against the $168,649.40 was legitimate when they filed suit.

Further, defendants' argument that the Court lacks jurisdiction over Count I because plaintiffs are not disinterested stakeholders lacks merit. "By expanding interpleader jurisdiction to actions 'in the nature of interpleader,' 28 U.S.C. § 1335(a), the federal interpleader statute has relaxed the requirement that the stakeholder be neutral and that the conflicting claims have the same origin." *Indianapolis Colts v. Mayor & City Council of Baltimore*, 733 F.2d 484, 486 (7th Cir. 1984). That a plaintiff, who is a creditor of a defendant, seeks to satisfy a separate claim against the defendant out of that defendant's portion of the interpleaded fund does not act as a bar to plaintiff's interpleader action. *Industrial Bank of Wash. v. Techmatics Techs., Inc.*, 763 F. Supp. 629, 635, (D.D.C. 1991); *General Am. Life Ins. Co. v. Floom*, 96 F. Supp. 488, 489-90 (W.D. Pa. 1951).

In Count I, plaintiffs ask the Court to determine the distribution of the interpleaded funds as between the defendants. In Counts II through V, plaintiffs seek payment of the sanctions judgment by Duree, Duree & Associates, and Reinert & Rourke in the amount of $408,445.25 plus accrued interest, attorneys' fees, and costs. In every count, plaintiffs ask that any monies paid to those

defendants under Count I be applied to the sanctions judgment. Because 28 U.S.C. § 1335 has relaxed the requirement that the stakeholder be neutral and permits a plaintiff to claim a set-off as to defendants' portion of the interpleaded fund, the Court rejects defendants' arguments to the contrary. In sum, the Court finds that it may properly assert jurisdiction over the subject matter in Count I.

Having found that the Court has proper jurisdiction over Count I, the Court in its discretion asserts supplementary jurisdiction over the subject matter in Counts II through V pursuant to 28 U.S.C. § 1367. Plaintiffs also argue in their response brief that the Court has diversity jurisdiction over the subject matter in Counts II through V pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy in Counts II through V exceeds $75,000. With regard to the plaintiffs, Doctors Associates, Inc. is a Florida corporation, Subway Sandwich Shops, Inc. is a Connecticut corporation, DeLuca is a Florida resident, and Buck is a Connecticut resident. As for the defendants, David M. Duree & Associates, P.C. is an Illinois corporation, Reinert & Rourke, P.C. is a Missouri corporation, and David M. Duree, Jannotta, and Blasucci are Illinois domiciliaries. The amount in controversy as to Counts II through V is $408,445.25, *i.e.*, the amount of the Kansas court's sanctions judgment against Duree, plus accrued interest, attorneys' fees and costs. The Court agrees with plaintiffs and finds that, in addition to supplementary jurisdiction, diversity jurisdiction exists over Counts II through V. Accordingly, the Court finds unwarranted defendants' comments that plaintiffs are merely using the interpleader action as a way to obtain jurisdiction over the remaining counts.

Next, defendants argue that plaintiffs fail to state a claim for interpleader in Count I. In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court must accept as true all well-

pleaded allegations set forth in the complaint. *Marmon Group, Inc. v. Rexnord, Inc.*, 822 F.2d 31, 34 (7th Cir. 1987). All reasonable inferences to be drawn from those allegations are also accepted as true. *Nelson v. Monroe Regional Med. Ctr.*, 925 F.2d 1555, 1558 (7th Cir. 1991). Dismissal is only justified when the allegations of the complaint itself clearly indicate that plaintiff does not have a claim upon which relief can be granted. *American Nurses' Ass'n v. Illinois*, 783 F.2d 716, 724 (7th Cir. 1986). Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Accepting, as we must, all of the facts in the complaint as true, plaintiffs state a claim for an interpleader action. Plaintiffs claim that there is a single fund of $168,649.40, which was the amount owed by plaintiffs to Jannotta and Blasucci pursuant to court orders relating to the previous litigation. (Compl. ¶¶ 33.) Plaintiffs received a notice of lien for attorneys' fees from Duree and Associates stating that it claims 40% of any funds paid to Jannotta and Blasucci. (*Id.* ¶ 36.) Plaintiffs also received a notice of lien for attorneys' fees from Reinert and Rourke stating that it claims 40% of any funds paid to Jannotta Blasucci. (*Id.* ¶ 37.) Plaintiffs also allege that they are "in doubt and cannot safely determine as between the claims of Duree & Associates and Reinert & Rourke without great hazard to themselves . . . and do not know to which of these adverse claimants it may safely pay . . . ." (*Id.* ¶ 38.) The Court finds that these allegations sufficiently state a claim for statutory interpleader pursuant to 28 U.S.C. § 1335.

Finally, defendants' argument that the Northern District of Illinois is an improper venue for this action does not deserve a lengthy discussion. "Any civil action of interpleader or in the nature of interpleader under section 1335 of this title may be brought in the judicial district in which one

8

or more of the claimants reside." 28 U.S.C. § 1397. The Court has already determined that Jannotta and Blasucci are adverse claimants because (1) they may be entitled to 100% or at the very least 60% of the interpleaded funds; and (2) Reinert & Rourke and Duree and Associates each have asserted attorneys' fees liens for 40% of the interpleaded funds. Therefore, because Jannotta and Blasucci are residents of Cook and DuPage County, Illinois, and the Northern District of Illinois encompasses those counties, venue is proper.

## Conclusion

For the forgoing reasons, the Court denies defendants' motions to dismiss [6-1, 7-1, 8-1, 10-1]. Accordingly, defendants' motions for expedited hearings on the motions to dismiss [9-1, 14-1, 15-1] are denied as moot.

**SO ORDERED.**

**ENTER:**

HON. RONALD A. GUZMAN

**United States Judge**