

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5779 | **DATE** | 9/28/2001 |
| **CASE TITLE** | DOCTORS, ASSOCIATES, INC. vs. DAVID M. DUREE & ASSOCIATES | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendants' motion for summary judgment and a payout order regarding the interpleaded funds [32-1,32-2] is granted. This case is hereby terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 28 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 67 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | docketing deputy initials | |
| CG | courtroom deputy's initials | FILED FOR DOCKETING 01 SEP 28 PM 2:43 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCTORS, ASSOCIATES, INC., a Florida )
corporation, SUBWAY SANDWICH SHOPS, )
INC., a Connecticut corporation, FREDERICK )
A. DeLUCA, an individual, and )
PETER H. BUCK, an individual, )
)
    Plaintiffs, )
)
    v. )    00 C 5779
)
DAVID M. DUREE & ASSOCIATES, P.C., )    Judge Ronald Guzman
an Illinois professional corporation, DAVID )
M. DUREE, an Illinois attorney, REINERT )
& ROURKE, P.C., a Missouri professional )
corporation, NICHOLAS C. JANNOTTA, an )
Illinois domiciliary, and CARMEIN DAY )
BLASUCCI, an Illinois domiciliary, )
)
    Defendants. )

DOCKETED
SEP 2 8 2001

## MEMORANDUM OPINION AND ORDER

Pending is defendants' motion for summary judgment as to Count I, statutory interpleader, and for a pay out order regarding the interpleaded funds. For the reasons set forth below, defendants' motion for summary judgment and a pay out order regarding the interpleaded funds is granted.

### Facts

Plaintiffs brought a complaint for statutory interpleader under 28 U.S.C. § 1335 as well as for other relief on September 19, 2000. The interpleaded funds of $168.649.40 were deposited with the court clerk as required. The interpleaded funds were the result of a prior lawsuit in an Illinois

federal court in which the plaintiffs in that suit, Nicholas C. Jannotta ("Jannotta") and Carmein Day Blasucci ("Blasucci"), won a judgment against the defendants, Doctors Associates, Inc. ("Doctors"), Subway Sandwich Shops, Inc. ("Subway"), Frederick A. DeLuca (DeLuca) and Peter H. Buck (Buck).[1] Jannotta and Blasucci were represented in that suit by Reinert & Duree, P.C. Reinert & Duree, P.C. has since split into two different law firms, David M. Duree & Associates, P.C. ("Duree") and Reinert & Rourke, P.C. ("Reinert"). Plaintiffs allege that they were unsure as to whom the interpleaded funds should be paid because the two above law firms each served a notice of attorneys' lien upon plaintiffs for 40% of the funds that are interpleaded.

Plaintiffs also brought four other counts against defendants for the purpose of collecting a judgment they have for sanctions against defendant David M. Duree for $408,445.25[2] and in favor of Doctors. Defendants Jannotta and Blasucci were not parties in that suit. In addition, the judgment for sanctions is only entered for Doctors Associates, Inc. and not the other plaintiffs in the instant case. Plaintiffs ask that the judgment for sanctions against David M. Duree be set off from the interpleaded funds to be paid out to defendants, Duree and Reinert. Plaintiffs allege that both of these law firms are jointly and severally liable for the sanctions judgment against David M. Duree.

## Discussion

The court will grant summary judgment if "there is no genuine issue as to a material fact" and the movant is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp.*

---

[1] *Nicholas C. Jannotta and Carmein Day Blasucci v. Subway Sandwich Shops, Inc., Frederick A. DeLuca, Peter H. Buck & Doctor's Associates*, Case No. 94 C 3834, was filed in the Northern District of Illinois.

[2] *Doctor's Associates, Inc. v. Kessler*, Case No. 91 C 2679, was filed in the District Court of Johnson County, Kansas.

2

*v. Catrett*, 477 U.S. 317, 322-23 (1986). In determining whether a genuine issue of material fact exists, the court construes all facts in the light most favorable to the non-moving party and draws all reasonable and justifiable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Plaintiff cites to *Industrial Bank of Washington v. Techmatics, Inc.* as an example of a case in which the procedure Plaintiff urges in this case, *i.e.*, that the judgment for sanctions against David M. Duree be set off from the interpleaded funds to be paid out to defendants, Duree and Reinert, were utilized and approved. 763 F. Supp. 629 (D.D.C. 1991). But the comparison urged is not accurate in one material respect. In *Industrial Bank* the stakeholder, Industrial Bank of Washington ("IBW"), claimed an interest in the interpleaded funds by virtue of its claims against Techmatics Technologies, the entity whose funds it was holding. In other words, in that case IBW was itself a creditor of Techmatics. IBW just happened to be a creditor which was also the stakeholder. *Id.* at 631. That is not the case before the Court. In the instant case, plaintiff, Doctors - the stakeholder, is not a creditor of Blasucci and Jannotta, the persons whose funds it is holding. Its claim to the interpleaded funds is not derived from any legal right or relationship to Blasucci and Jannotta. Rather, its claim derives from its alleged relationship to two of Blasucci and Jannotta's creditors - attorneys from the previous lawsuit. Doctors has no interest in the stake as against Blasucci and Jannotta. Its only claim derives from a judgment owed to it from one of Blasucci and Jannotta's creditors, or more correctly, from a predecessor of one of their creditors. In fact, Doctors has no claim to this fund at all. If anything, it has a claim to whatever assets of any kind David M. Duree may acquire independent of where those assets may come from. Doctor's position is similar to any creditor of David M. Duree and has a connection to the interpleaded funds only to the extent that,

3

as a creditor of David M. Duree, it may have a cause of action against any entity, *e.g.*, Duree or Reinert, to attach funds acquired from David M. Duree in a fraudulent transfer to avoid creditors. But, just because Doctors has such a possible cause of action does not entitle it to pre-judgment sequestration of any funds it claims were so transferred while its cause of action is litigated. Defendants are entitled to have their claims against the fund litigated independently of plaintiffs' claims against their creditors.

Doctors' claims, as set forth in Counts II through V, are independent of its statutory interpleader cause in Count I. In fact, as defendants point out in their motion for summary judgment, plaintiffs have in the past assured the Court that they did not seek a judgment or award of any proceeds that had been interpleaded in Count I. Nevertheless, plaintiffs now urge that before the Court can resolve Count I and disburse the proceeds which they have interpleaded, the Court must first determine what rights plaintiffs have to those proceeds. This constitutes a direct turnabout in plaintiff's position. So, the issue before the Court is not whether it should determine the rights of Blasucci and Jannotta's creditors to the money being held by the interested stakeholder, but rather whether we should also simultaneously determine the rights the stakeholder has against Jannotta and Blasucci's creditors and allow it as a set off against whatever amount the creditors are found to be entitled to receive.

Under Federal Rule of Civil Procedure 13, a counterclaim, including a set off (a demand to diminish or extinguish plaintiff's demand which arises out of a different transaction from that sued on) which one party has against an opposing party may be stated in a responsive pleading. Ordinarily this would mean a defendant would file such a claim against plaintiff. In the case at bar, however, it is plaintiff, Doctors, which seek to diminish or extinguish the defendants' demand against it by

4

asserting, in Counts II through V, a set off arising from a totally different transaction. While such a set off might be appropriate in a different situation, it is not in this case simply because there are no demands against the plaintiffs. The defendants' demands are not being asserted against the plaintiff, rather their demands are against the interpleaded funds. There is, in this case, no demand against the plaintiffs to be diminished by a set off/counterclaim. This is reflected in the posture of the pleadings. Plaintiffs' claims do not come as a response to claims against it, rather they are a part of its original complaint. In short, they constitute independent causes of action.

Plaintiffs raised several other objections to defendants' motion for summary judgment. They point out that defendants initially represented to the Court that they had all agreed that the money was to be disbursed entirely to Mr. Jannotta, but in their affidavits they now claim that they have all agreed on three different checks to three different recipients. This is true. Defendants, like plaintiffs, have indeed changed their positions before the Court on more than one occasion. We do not, however, see this as an impediment to the motion for summary judgment. How the interpleaded defendants agree to divide the fund is up to them. The Court's concern is that all of the rights of all of the parties are resolved on the record so that no rights remain to be litigated. In our prior courtroom comments, we were not mandating that the only summary resolution of this case could come about if Duree and Reinert both gave up any claim to the proceeds. What we did insist upon was that the parties state clearly what the agreed upon disbursement was. We were not content to have the record reflect that the funds would be paid entirely to Mr. Jannotta when, in fact, there was an underlying agreement the funds would be further divided after such a disbursement. It was the Court's concern that this would lead not to the resolution of all claims but rather to further litigation. Any agreement as to what portion of the funds each claimant is entitled to receive will resolve all

of the material issues of fact as to Count I of the Complaint. The affidavits on file appear to do this. The relevant parties all agree that $97,875.06 is to be paid jointly to Jannotta and Blasucci; $31,913.32 is to go jointly to Jannotta and Reinert; and $38,861.02 is to be paid jointly to Jannotta and Duree & Associates. This is sufficient to resolve all disputes between them as to how the money should be allocated. The clerk of the court is instructed to disburse the interpleaded funds as follows: (1) a $97,875.06 check payable to both to Nicholas C. Jannotta and Carmein Day Blasucci to be delivered to either Jannotta, Blasucci, or their attorney of record; (2) a $31,913.32 check payable to both Nicholas C. Jannotta and Reinert & Rourke, P.C. to be delivered to either Nicholas C. Jannotta, Reinert & Rourke, P.C. or the attorney of record for either; (3) a $38,861.02 check payable to both Nicholas C. Jannotta and David M. Duree and Associates, P.C. to be delivered to either Jannotta, David M. Duree & Associates, or the attorney of record for either.

## Conclusion

For the foregoing reasons, the Court grants defendants' Motion for Summary Judgment and Pay Out Order for the Interpleaded Funds [doc. nos. 32-1, 32-2].

**SO ORDERED**

ENTER:

HON. RONALD A. GUZMAN
United States Judge